UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RODRICK GRANT,                                        :

                    Plaintiff,                :

          -against-                          :      **REPORT AND RECOMMENDATION**

BLOOMBERG L.P.,                                    :           12 Civ. 6143 (PAC)(KNF)

                Defendant.                :
----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

## BACKGROUND

The plaintiff, Rodrick Grant, is a black male, proceeding pro se, who commenced this

action for unlawful employment discrimination based on race, pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and state and municipal

antidiscrimination laws.  The plaintiff alleged that the defendant failed to hire him, despite "three

separate interviews" and a "verbal commitment and an email stating that we were going to wrap

up [the] process."  He asserted that, when he tried to follow up on his interviews with the

defendant, he received no response.  According to the plaintiff, he "then applied two more times

for [the] same position working different hours and was not given a chance."  On May 10, 2012,

the plaintiff received a notice of right to sue from the United States Equal Employment

Opportunity Commission.  Before the Court is the defendant's motion to dismiss, made pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The plaintiff opposes the motion.

***Defendant's Contentions***

The defendant contends that the complaint fails to comply with the requirements of Rule

8(a)(2) of the Federal Rules of Civil Procedure because it provides no allegations about the

plaintiff's interaction with the defendant, except that he attended three interviews and that the

defendant told him it wanted "to warp-up" the process.  According to the defendant, the

complaint should be dismissed because it contains no allegations to suggest that the defendant's

decision not to offer a job to the plaintiff was discriminatory.

*Plaintiff's Contentions*

In his affirmation in opposition to the motion, the plaintiff contends he "was a perfect fit

for the position [of] console room operator for which I have over 20 years experience and was

more than qualified."  He maintains "I was told to reapply without given a reason why I was not

hired in the first place."  According to the plaintiff, the defendant offers "these positions all of

the time and there is absolutely no reason whatsoever why I can not fill one of them."

*Defendant's Reply*

The defendant contends that the plaintiff's "affirmation establishes nothing more than

Mr. Grant's belief that he was well-qualified for the position, and his surprise when Bloomberg

did not offer it to him."  According to the defendant, that is insufficient to state a claim of

employment discrimination.  Given that no facts suggest that the defendant's decision not to hire

the plaintiff was based on his race, the complaint should be dismissed.

## DISCUSSION

*Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."  A
> claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has
acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(citation omitted).

In considering a motion to dismiss, a court must accept all well-pleaded factual allegations in the

complaint as true and draw all reasonable inferences in the plaintiff's favor.  See Faber v. Metro.

Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).  Where the plaintiff is a pro se litigant, a court

must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that

they suggest."  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)(citations omitted).

To establish a claim of unlawful discrimination based on race, a plaintiff must show: (1) "he

belonged to a protected class"; (2) "he was qualified for the position"; (3) "he suffered an

adverse employment action"; and (4) "the adverse employment action occurred under

circumstances giving rise to an inference of discriminatory intent."  Brown v. City of Syracuse,

673 F.3d 141, 150 (2d Cir. 2012) (citation omitted).  The alleged race-based discrimination

against the plaintiff must be "because of his or her race."  Chin v. Port Auth. of New York &

New Jersey, 685 F.3d 135, 147 (2d Cir. 2012).

***Application of Legal Standard***

Although the plaintiff alleged that he is black and qualified for the position of console

room operator that was not offered to him by the defendant, he failed to allege that the

defendant's decision not to offer him the position was in any way connected to his race.  The

complaint is devoid of any factual content that would allow the Court to draw the reasonable

inference that the defendant is liable for unlawful discrimination.  Accordingly, dismissing the

complaint, for failure to state a claim upon which relief can be granted, is warranted.

3

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Docket Entry No. 11, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      May 2, 2013

Copy mailed to:

Rodrick Grant

Respectfully submitted,

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE