```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 8, 2013
```

RODRICK GRANT,

        Plaintiff,

v.

BLOOMBERG L.P.,

        Defendant.

12 Civ. 6143 (PAC)(KNF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 8, 2012, pro se Plaintiff Rodrick Grant ("Grant") commenced this action against Defendant Bloomberg L.P. ("Bloomberg") for unlawful employment discrimination based on race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, as well as state and city antidiscrimination laws. On September 19, 2012, the Court referred the matter to Magistrate Judge Kevin Nathaniel Fox. (ECF No. 6.) Bloomberg filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 6, 2013. (ECF No. 11.) On May 2, 2013, Magistrate Judge Fox issued a Report and Recommendation ("R&R") that the action be dismissed for failure to state a claim. (ECF No. 18) For the following reasons, the Court adopts Magistrate Judge Fox's findings and recommendations and grants Bloomberg's motion to dismiss.

## BACKGROUND

### A. Facts

Grant, a black male, claims that Bloomberg discriminated against him on the basis of his race in its failure to offer him employment as a console room operator, despite his qualifications, "three separate interviews," and a "verbal commitment and an email stating that we were going to wrap up [the] process." (R&R at 1 (quotations omitted).) Grant alleges he applied for the same position several times, but has not been offered employment. (Id. at 2.)

On June 10, 2011, Grant filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 13-1.) On May 10, 2012, Grant received a notice of right to sue from the EEOC. (ECF No. 13-2; see R&R at 1.) On August 8, 2012, Grant filed this action. (ECF No. 1.)

### B. Magistrate Judge Fox's R&R

In the May 2, 2013 R&R, Magistrate Judge Fox recommended that Bloomberg's motion to dismiss be granted. (R&R at 4.) Magistrate Judge Fox found that Grant failed to allege that Bloomberg's decision not to extend him an offer of employment was connected to his race in any way. (Id. at 3.) The Court has received no objections to Magistrate Judge Fox's R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R "to which no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quotations omitted). Because Petitioner is proceeding pro se, the Court reads his papers liberally and construes his filings to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### II. ANALYSIS

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). To establish a prima facie claim of unlawful racial discrimination under Title VII, a plaintiff must show that (1) "he

belonged to a protected class; (2) he was qualified for the position he [sought]; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (quotation omitted). In a claim for race-based discrimination, such adverse actions by the employer must be "because of [the plaintiff's] race." Chin v. Port Auth. of N.Y. & N.J, 685 F.3d 135, 147 (2d Cir. 2012); see 42 U.S.C. § 2000e-2(a)(1). Such a claim may be dismissed if the plaintiff fails to offer facts showing the adverse employment action was because of his race. See Kirkweg v. New York City Dep't of Educ., No. 12 Civ. 2635 (WHP), 2013 WL 1561710, at *3 (S.D.N.Y. Apr. 4, 2013).

As Judge Fox noted, the complaint fails to allege that Bloomberg's decision not to offer Grant employment was in any way connected to his race. The Court agrees with this determination and finds no clear error in the R&R.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Fox's May 2, 2013 R&R in full. Bloomberg's motion to dismiss this action is GRANTED. Pursuant to 28 U.S.C.1915(a), the Court finds that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

Dated: New York, New York
July 8, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:
Mr. Rodrick Grant
P.O. Box 321781
New York, NY 10032